UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CONVERGYS INFORMATION MANAGEMENT GROUP INC., et al., | : : : | Case No.: C-1-01-618 |
| Plaintiffs, | : : | Magistrate Judge Hogan |
| V. | : : : : : : | **PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO CHANGES MADE AFTER THE DATABASE OUTAGE AT ISSUE** |
| IGATE CORPORATION, et al., | : : | |
| Defendants. | : | |

Pursuant to Federal Rules of Evidence 401, 402, 403 and 407, Plaintiffs Convergys Information Management Group Inc. and Chubb Custom Insurance Company (collectively "Plaintiffs") move the Court for an Order *in limine* prohibiting Defendants iGate Corporation and Mastech Systems Corporation (collectively "Defendants") from introducing evidence of certain database-related changes made subsequent to September 17, 1999, the date of the database outage at issue. This Motion is supported by the attached Memorandum in Support.

|  |  |
|---|---|
|  | */s/Robert D. Shank* |
|  | Grant S. Cowan (Ohio No. 0029667) |
|  | Trial Attorney for Plaintiffs |
| OF COUNSEL | Convergys Information Management |
|  | Group Inc. and Chubb Custom Insurance |
| Robert D. Shank (Ohio No. 0069229) | Company |
| FROST BROWN TODD LLC | 2200 PNC Center |
| 2200 PNC Center | 201 East Fifth Street |
| 201 East Fifth Street | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | (513) 651-6745 (direct dial) |
| (513) 651-6800 | (513) 651-6981 (facsimile) |

**MEMORANDUM IN SUPPORT**

I.  **FACTUAL BACKGROUND**

On September 17, 1999, an outage occurred in a database that Plaintiff Convergys Information Management Group Inc. ("Convergys IMG") maintains for its customer, Sprint, when certain data files became corrupted. Convergys believes that an employee of Defendant Mastech Systems Corporation ("Mastech"), Ragesh Rao ("Rao"), is responsible for causing the database outage and Plaintiffs' losses incurred as a result thereof. Convergys IMG and Mastech have a contract[1] that requires Mastech to indemnify Convergys IMG for all losses "due to the acts or omissions of [Mastech] or anyone acting under its direction or control or on its behalf and all expenses (including legal and investigation fees) incidental thereto" caused by Mastech's "agents, [s]ubcontractors/assignees and anyone directly or indirectly employed by any of them . . ." *See* Exhs. A and B attached hereto, Section 4. The indemnification provision does not apply "to any liability based upon [Convergys IMG's] sole negligence." *See* Exhs. A and B attached hereto, Section 4.

At trial, it is anticipated that Defendants will attempt to argue that Convergys IMG was solely negligent for the database outage based upon evidence of certain changes made after September 17, 1999 to the procedures for maintaining backup copies of the database. This evidence includes the fact that sometime in 2000, Convergys IMG implemented a standby database in order to improve recovery time in the event of a corruption of the database and to

---

[1] There are two contracts between Convergys and Mastech. The first is a contract between Convergys IMG and Mastech Systems Corporation dated March 1, 1999. The second is a contract between Convergys IMG and Mastech Corporation dated May 26, 1999. Which contract governs the parties' relationship will likely be an issue at trial. However, the indemnification provisions in each contract are identical or virtually identical.

protect against the type of mistake Rao made. (*See* Koopmans Deposition, at 89; Brown Deposition, at 231, 233).² After sometime in 2000, an entire copy of the database was kept on another server. (*See* Koopmans Depo., at 90; Brown Depo., at 233). After the database outage, Convergys IMG also implemented more frequent tape backups of the archive log file systems, going to hourly backups. (*See* Koopmans Depo., at 86-87). After the database outage, Convergys IMG also increased the size of its archive log files so that they could store 3 days worth of archive logs. (*See* Koopmans Depo., at 89; Brown Depo., at 236).

The foregoing evidence, and any and all other evidence relating to changes made to the backup procedures for the database after September 17, 1999, is irrelevant to the issue of whether Convergys IMG was solely negligent for the database outage. This evidence also constitutes subsequent remedial measures, which are inadmissible under Federal Rule of Evidence 407. Therefore, all evidence relating to changes made to the backup procedures subsequent to September 17, 1999 should be excluded at trial.

## II.   ARGUMENT

Federal Rule of Evidence 407 provides:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

The evidence that Plaintiffs anticipate Defendants will seek to offer at trial regarding

---

²     The pages of Koopmans' deposition to which Plaintiffs cite in support of their Motion are attached as Exhibit C. The pages of Brown's deposition to which Plaintiffs cite in support of their Motion are attached as Exhibit D.

changes to the database backup procedures made after September 17, 1999 is irrelevant and clearly falls within Rule 407's prohibition.  Convergys IMG's practices and procedures for maintaining the database, and ultimately the issue of whether it was solely negligent for the database outage, must be judged by evidence relating to September 17, 1999 or before.  Rule 407 prohibits Defendants from using post-September 17, 1999 evidence of the implementation of a standby database, more frequent tape backups, and larger archive log files to argue in hindsight that Convergys was solely negligent.

The well-known policy of Rule 407 is "prompted by the fear that people will be less likely to take subsequent remedial measures if evidence of their repairs or improvements may be used against them . . ."  *Cann v. Ford Motor Co.*, 658 F.2d 54, 60 (2nd Cir. 1981). The Sixth Circuit has applied Rule 407 and excluded evidence of subsequent remedial measures in numerous other cases.  *See, e.g., Bauman v. Volkswagenwerk Aktiengesellschaft*, 621 F.2d 230, 232-33 (6th Cir. 1980) (holding that evidence of subsequent changes in the design of a door latch should have been excluded under Federal Rule 407).

The Sixth Circuit has also been "wary to restrict the scope of Rule 407." *Polec v. Northwest Airlines* (*In re: Air Crash Disaster*), 86 F.3d 498, 529 (6th Cir. 1996).  As the Sixth Circuit stated in *Polec,* the text of Rule 407 "is unqualified, and there is precedent cautioning [courts] from creating exceptions."  *Id.* at 530.  Courts "should not be too quick to read new exceptions into the rule because by doing so there is a danger of subverting the policy underlying the rule."  *Id*. at 529 (citation omitted).

### III. CONCLUSION

Accordingly, Plaintiffs Convergys Information Management Group Inc. and Chubb Custom Insurance Company request an Order *in limine* prohibiting Defendants from introducing all evidence relating to changes made to the backup procedures for the database subsequent to September 17, 1999.

|  |  |
|---|---|
| OF COUNSEL<br><br>Robert D. Shank (Ohio No. 0069229)<br>FROST BROWN TODD LLC<br>2200 PNC Center<br>201 East Fifth Street<br>Cincinnati, Ohio  45202<br>(513) 651-6800 | /s/Robert D. Shank<br>Grant S. Cowan (Ohio No. 0029667)<br>Trial Attorney for Plaintiffs<br>Convergys Information Management<br>Group Inc. and Chubb Custom Insurance<br>Company<br>2200 PNC Center<br>201 East Fifth Street<br>Cincinnati, Ohio  45202<br>(513) 651-6745 (direct dial)<br>(513) 651-6981 (facsimile) |

### CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2004, a copy of the foregoing Plaintiffs' Motion *in Limine* to Exclude Evidence Relating to Changes Made After the Database Outage At Issue was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/Robert D. Shank

CinLibrary/1381596.2