UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CONVERGYS CORPORATION, et al., | : | Case No.: C-1-01-618 |
| Plaintiffs, | : | Magistrate Judge Hogan |
| v. | : | **FINAL PRETRIAL ORDER** |
| iGATE CORPORATION, et al., | : | |
| Defendants. | : | |

This matter came before the Court at a Final Pretrial Conference held on March 26, 2004 at 9:30 a.m., pursuant to Fed. R. Civ. P. 16.

I. **APPEARANCES**

    A. **For Plaintiffs:**

        1. Grant S. Cowan—Frost Brown Todd LLC

        2. Douglas E. Hart—Frost Brown Todd LLC

        3. Robert D. Shank—Frost Brown Todd LLC

    B. **For Defendants:**

        1. Jacqueline Hobbs—Ulmer & Berne LLP

        2. Kevin P. Lucas—Manion McDonough & Lucas, P.C.

        3. Robert J. Williams – Manion McDonough & Lucas, P.C.

II. **NATURE OF ACTION AND JURISDICTION**

    A. This is an action for breach of contract, indemnification, fraudulent misrepresentation, and respondeat superior.

    B. The jurisdiction of the Court is invoked pursuant to diversity of citizenship, 28 U.S.C. § 1332.

    C. The jurisdiction of the Court is not disputed.

    D. The parties have consented to entry of final judgment by the United States Magistrate Judge.

### III. TRIAL INFORMATION

A. The estimated length of trial is 5 days.

B. Trial to the Court has been set for April 26, 2004.

C. Initial explanation of the case.

Plaintiffs contend that on September 17, 1999, a programming error was made by an employee of Defendants who was providing services to Convergys Information Management Group ("Convergys IMG") pursuant to a contractual agreement between the parties, causing the corruption of certain data in a database maintained by Convergys IMG for one of its customers. The customer claimed to have suffered substantial damages as a result of the data corruption and subsequent outage of the database, and the customer sought reimbursement of its damages from Convergys IMG. Plaintiffs settled and resolved all claims relating to the outage with the customer for $938,820.73, and Plaintiffs have sought indemnification for said payment from Defendants, pursuant to the indemnification provision in the alleged contract between the parties. Additionally, Convergys IMG seeks reimbursement for its costs incurred in restoring certain data lost or destroyed as a result of the alleged data corruption incident on September 17, 1999.

Defendants deny that any act or omission of the Mastech Systems Corporation ("MSC") employee was the legal or factual cause of the damages allegedly sustained by Convergys IMG or its customer. To the contrary, Defendants contend that Convergys IMG's alleged damages are overstated and are attributable to a number of alleged factors, for which Convergys IMG bears sole responsibility, such as the corruption of certain data by Convergys IMG's own employee, the inadequate design and/or capacity of the Convergys IMG database, the failure of Convergys IMG to comply with industry standards for the operation of that database, and the failure of Convergys IMG to mitigate. Even if it is actually proven that the MSC employee caused or contributed to any of Plaintiffs' alleged damages, Defendants maintain that Convergys IMG retains sole responsibility for such circumstances, because the MSC employee was working under Convergys IMG's alleged exclusive direction and control. Furthermore, Defendants contend that Plaintiffs are not entitled to indemnification under the contract that has been attached as an exhibit to the Complaints, because that contract is missing material terms, and is therefore unenforceable and incomplete, and also because that contract is between Convergys IMG and Mastech Corporation, and not MSC, the company by whom the consultant actually was employed.

IV. **AGREED STATEMENT AND LISTS**

    A. **General Nature of the Parties' Claims**

        1. **PLAINTIFF'S CLAIM:**

            a) Plaintiffs assert in Count I a right of recovery for breach of contract. Plaintiffs contend that Defendants' employee, who was providing services to Convergys IMG pursuant to a contract, committed a database programming error which resulted in the corruption of certain data maintained by Convergys IMG for one of its customers, and caused an outage of the database, resulting in damages to Convergys IMG's customer, which damages were paid by Plaintiffs. Plaintiffs seek reimbursement of the amounts paid to the customer, as well as damages incurred by Convergys IMG in recovering and restoring certain corrupted data.

            b) Plaintiffs assert in Count II a right of recovery for indemnification. Plaintiffs contend that Defendants' employee, who was providing services to Convergys IMG pursuant to a contract, committed a database programming error which resulted in the corruption of certain data maintained by Convergys IMG for one of its customers, and caused an outage of the database, resulting in damages to Convergys IMG's customer, which damages were paid by Plaintiffs. Plaintiffs seek reimbursement of the amounts paid to the customer, as well as damages incurred by Convergys IMG in recovering and restoring certain corrupted data. Plaintiffs contend that Defendants are contractually obligated to indemnify Plaintiffs for all losses and damages suffered by Plaintiffs.

            c) Plaintiffs assert in Count III a right of recovery for fraudulent misrepresentation. In the course of its investigation of the database outage, Convergys IMG's personnel questioned Defendants' employee about whether he may have been responsible for the data corruption. The employee repeatedly denied to Convergys IMG that he was responsible for the data corruption. Relying on the employee's representations, Convergys IMG's personnel continued their investigation into the cause of the data corruption. Because of the alleged error made by Defendants' employee and the alleged actions taken by him to cover up the error, which only exacerbated the problem, Convergys IMG's personnel were required to expend considerable time and expense in attempting to uncover the cause of the problem and in attempting to restore the corrupted data. Some of the corrupted data was unable to be restored, despite the efforts of Convergys IMG to do so.

    d)    Plaintiffs assert in Count IV a right of recovery under the doctrine of *respondeat superior*. The employee who caused the database corruption was an employee of Defendants. His actions and misrepresentations allegedly were made in the course and scope of his employment and/or were calculated to facilitate or promote Defendants' business interests and to protect Defendants from liability for the damages and losses caused by the data corruption. Plaintiffs contend that Defendants are liable for the actions of their employee under the doctrine of *respondeat superior*.

2. **DEFENDANTS' CLAIMS:**

    a)    Defendants claim that no valid or enforceable contract or contractual indemnity obligation exists between or among these parties relating to the services of the MSC employee which are the subject of the Complaint. Defendants contend that the contract upon which Plaintiffs rely for their claims is incomplete and unenforceable, because: (i) it is missing essential and material terms, such as price and duration, (ii) it was executed by an individual who had no authority to sign contracts or to otherwise bind either Defendant and is in the name of a corporation which was not the employer of the individual providing the services in dispute, and (iii) the parties mutually agreed upon separate contract terms that contradict and are inconsistent with the contract terms that Plaintiffs seek to enforce.

    b)    Defendants deny that any MSC employee caused Convergys IMG or its customer to sustain any damages. Instead, Defendants contend that if Convergys IMG and/or its customer sustained any damages, they were caused solely by the corruption of certain data by Convergys IMG's own employee. Furthermore, Defendants claim that any alleged damages, if actually sustained, were directly caused by the inadequate design and/or capacity of the Convergys IMG database, the failure of Convergys IMG to comply with industry standards for the operation of that database, and/or the inadequate and improper instruction and supervision of MSC's employee, who was under Convergys IMG's alleged exclusive direction and control.

    c)    Defendants also deny that the MSC employee, Ragesh Rao, concealed or withheld any information from Convergys IMG, or otherwise engaged in any fraudulent or improper conduct, or that any such alleged action is the legal cause of the claimed damages. First and foremost, Mr. Rao specifically denies that he engaged in any such alleged conduct. Furthermore, Plaintiffs admit that no one directly observed Mr. Rao remove the database log file "alert_ssup.log", which is one of the acts that Plaintiffs specifically

        allege Mr. Rao did to "cover up" his alleged programming error. Moreover, Defendants maintain that the evidence which Plaintiffs offer in support of this claim absolutely fails to prove such conduct, because: (i) that evidence is circumstantial and subject to multiple inconsistent interpretations, and (ii) that evidence was accessible to and actually accessed by several Convergys IMG employees – but Convergys failed to retain any record of who accessed that evidence and how it was manipulated and/or altered by the Convergys IMG employees who did so. Further, no money damage resulted from such alleged conduct.

    d)    Defendants further contend that Plaintiffs' damages claims are overstated, inaccurate and unsupported. Defendants submit that the only evidence produced by Plaintiffs on this issue actually demonstrates that Convergys IMG's alleged recovery effort was inflated and/or exaggerated, and involved activities that were unrelated to any alleged incident involving MSC's employee. Additionally, Defendants maintain that, in exchange for the consideration allegedly paid by Convergys IMG to its customer to settle claims arising out of the alleged September 17, 1999 incident, that customer actually released additional claims for damages that it allegedly sustained in other unrelated outages and/or incidents.

    e)    At all times material hereto, Defendants were insured under one or more insurance policies that were provided by The Chubb Group of Insurance Companies ("Chubb"). Thus, Defendants contend that Plaintiff Chubb is barred, as a matter of law, from subrogating against its own insureds.

**B.**    <u>**Uncontroverted Facts**</u>

1.    The following facts are uncontroverted by the parties:

    a)    Ragesh Rao was providing services to Convergys IMG at the time of the alleged database corruption that is the subject of this action.

**C.**    <u>**Issues of Fact and Law**</u>

**1.**    **CONTESTED ISSUES OF FACT**

    a)    Is there a valid and enforceable contract or contractual indemnity arrangement between the parties? There is a dispute as to whether the contract attached to Plaintiffs' Complaints contains all material terms and is enforceable, and whether it applies to the alleged conduct of Ragesh Rao. There also is a dispute as to whether the parties reached agreement on the material terms of a separate

       contract, and if so, the nature of those terms.

    b)    Did the alleged actions of Ragesh Rao cause the alleged database corruption and subsequent outage and the claimed resulting damages, or were any such incidents and alleged damages actually caused by the acts and omissions of Convergys IMG?

    c)    Did the alleged actions of Ragesh Rao contribute to the loss of certain data, which loss resulted in efforts by Convergys IMG to recover said data, or were any such losses and recovery efforts actually caused and/or precipitated by the acts and omissions of Convergys IMG?

    d)    Are Defendants liable for the damages claimed by Plaintiffs in this action?

    e)    Are the damages claimed by Plaintiffs in this action reasonable, supported by credible evidence, related to the incident that allegedly occurred on September 17, 1999, and/or otherwise recoverable under the law and circumstances involved in this matter?

**2.**    **CONTESTED ISSUES OF LAW**

    a)    There are no special issues of law reserved other than those implicit in the foregoing mixed issues of fact and law.

**D.**    <u>**Witnesses**</u>

    **1.**    **Plaintiffs will call or will have available for testimony at trial:**

        a)    Bill Koopmans

        b)    Darin Brown

        c)    Gerry Nash

        d)    Carol Fox

        e)    Kimberly Demko

        f)    Ragesh Rao (as if on cross examination)

    **2.**    **Defendants will call or will have available for testimony at trial:**

        a)    Ragesh Rao

        b)    Daniel J. Daugherty

      c)    Anoop Sinha

      d)    Kevin O'Hare (live or by trial deposition)

      e)    Scott Solomon

      f)    Vicki Miller (or other MSC designee on the topic of the Company's billing and receipts to/from Convergys IMG)

      g)    Eric Walters (as if on cross examination)(live or by deposition)

**3. The parties reserve the right to call nonlisted rebuttal witnesses whose testimony could not be reasonably anticipated without prior notice to opposing counsel.**

E. **Exhibits**

The parties have agreed to supplement the following exhibit lists, as may be necessitated by the additional depositions that the parties have agreed to conduct, and within a reasonable time after completion of those depositions, but reasonably in advance of trial. Subject to the foregoing, the parties will offer as exhibits those items listed herein as follows:

1. Joint Exhibits—after completing the aforementioned depositions, the parties will be in a position to identify which exhibits, if any, can be Joint Exhibits for purposes of trial. The parties will supplement this Final Pretrial Order and provide those Joint Exhibits no later than ten (10) days prior to the trial date of April 26, 2004.

2. Plaintiffs' Exhibits—Appendix A

3. Defendants' Exhibits—Appendix B

F. **Depositions**

Testimony of the following witnesses may be offered by deposition[1]:

1. Daniel Daugherty

2. Anoop Sinha

3. Jill N. Fuchs

4. Jeffrey Karakoosh

---

[1] The parties shall file with the Court the depositions to be used at trial with the portions to be read noted therein after the parties have completed the few remaining depositions they have agreed to conduct prior to trial. The parties will file those depositions in a timely manner and assuming all transcripts are available, no later than ten (10) days prior to the trial date of April 26, 2004.

     5.    William Koopmans

     6.    Eric Walters

     7.    Darin Brown

     8.    Carol Fox

     9.    Gerry Nash

     10.    Neil Hulin[2]

     11.    Designee of Plaintiff Chubb*

     12.    Designee of Sun Microsystems*

     13.    Designee of Sprint PCS*

     14.    Ravi Kura[3]

### G. Discovery

With the exception of a few depositions that are scheduled for completion prior to trial, the submission of Defendants' final expert witness report shortly after completion of those depositions, and the production by Convergys IMG of certain documents regarding time allegedly expended on database recovery, all discovery has been completed.

### H. Pending Motions

Plaintiffs have filed a motion *in limine* to exclude evidence relating to changes made after the database outage at issue. Defendants have filed two motions *in limine* to exclude certain opinion testimony concerning which expert reports have not been submitted and relevant evidence has not been preserved and also certain fact testimony concerning which contemporaneously prepared witness notes have been withheld.

---

[2] Convergys is working to facilitate the appearance of Neil Hulin for deposition prior to trial, pursuant to the agreement of the parties. However, Mr. Hulin has requested separate counsel and a subpoena may be necessary for his deposition. Thus, the parties continue to consent to the pretrial deposition of Mr. Hulin, assuming he is subpoenaed or otherwise agrees to make himself available for deposition.

[3] Ravi Kura's deposition will be taken prior to trial, pursuant to the agreement of the parties, assuming he is subpoenaed or otherwise agrees to make himself available for deposition.

\* Depositions to be taken prior to trial, pursuant to the parties' agreement.

V.  **MODIFICATION**

   This Final Pretrial Order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice. Such modification may be made by application of counsel, or on motion of the Court.

VI. **SETLEMENT EFFORTS**

   Plaintiffs have submitted a settlement demand to Defendants. Defendants have rejected that demand in its entirety. Defendants have not offered any amount to settle Plaintiffs' claims, but have agreed with Plaintiffs to discuss settlement possibilities further upon completion of the remaining discovery and in advance of trial.

3/26/04
Date

_____
TIMOTHY S. HOGAN
U.S. MAGISTRATE JUDGE

3/23/04
Date

_____
GRANT S. COWAN
COUNSEL FOR PLAINTIFFS

3/23/04
Date

_____
KEVIN P. LUCAS
COUNSEL FOR DEFENDANTS

CinLibrary/1380490.1

- 9 -

# APPENDIX A

# CONVERGYS INFORMATION MANAGEMENT GROUP INC., *ET AL.* v. IGATE CORPORATION, *ET AL.*

## PLAINTIFFS' TRIAL EXHIBITS[1]

| Exhibit Number | General Description | Bates Label Number |
|---|---|---|
| 1 | Consulting Agreement between Convergys and Mastech Corporation effective 5/26/99 | CVG000001-000008 |
| 2 | Issues Related to 9/17/99 Outage and attached outage hours for 9/17/99 report | CVG0000015-31 |
| 3 | Sprint Late Fees Summary | CVG000032 |
| 4 | Letter from Convergys to Sprint dated 01/19/01 | CVG000033 |
| 5 | Letter from Sprint to Convergys dated 02/01/01 | CVG000034 |
| 6 | Ragesh Rao's handwritten notes | CVG000035-36 |
| 7 | SSLP Database Recovery Reverse SRDF Plan | CVG000039-48 |
| 8 | Internal Convergys' e-mails dated 9/20/99 and 9/21/99 | CVG000133-134 |
| 9 | E-mail from Rao to Koopmans dated 9-20-99, with attached scripts and logs | CVG000134-135 |
| 10 | File entitled rrao_hist.txt | CVG000136-282 |
| 11 | Procedure followed to create the Usage Instance | CVG000283-284 |
| 12 | Rao's scripts and logs | CVG000285-295 |
| 13 | Internal Convergys' e-mail dated 09/21/99 with SSUP alert log attached | CVG000296-315 |
| 14 | Internal Convergys' e-mail dated 01/11/02 re Rao's command history | CVG000405-420 |
| 15 | E-mails between Sprint and Convergys dated September 1998, with attachments, re customer care cost benefit analysis | CVG000429-430 |
| 16 | Memo from Sprint to Convergys dated 04/07/00 | CVG000431 |
| 17 | Internal Convergys' e-mails dated 06/00 re IUMs for September 17/18 outage, Sprint's $1/minute costs in the call centers | CVG000432-434 |

---

[1] Plaintiffs reserve the right to offer any exhibits identified on Defendants' Exhibit List. Plaintiffs also reserve the right to supplement this exhibit list, as may be necessitated by the additional depositions and discovery that the parties have agreed to conduct prior to the trial of this action. Such supplemental disclosures will be made reasonably in advance of the trial, in light of then-existing circumstances, such as the date on which the aforementioned depositions and discovery are completed.

| 18 | Internal Convergys' e-mail dated 01/09/01 re late fee write-offs, plus attachment | CVG000435-436 |
|---|---|---|
| 19 | Sprint-Convergys Contract No. 96-0032 | CVG000440-610 |
| 20 | E-mail from Convergys to Sprint dated 01/16/01 re late fee write-off | CVG000630 |
| 21 | Internal Convergys' e-mails dated 10/99, 03/00 re Sprint late fees | CVG 000631 |
| 22 | Open Late Fees By Client Thru Sept. 30, 1999 | CVG000634-635 |
| 23 | Internal Convergys' e-mails dated 10/99, 03/00, 04/00 re Sprint late fees | CVG 000635-636 |
| 24 | Internal Convergys' e-mails dated 05/00, 06/00 re CMG call center cost information | CVG000638-639 |
| 25 | Resume – Ragesh Rao | CVG000647-650 |
| 26 | Rao cover letter to Convergys dated 1/31/99 | CVG000652 |
| 27 | Confidentiality Agreement between Rao and Convergys | CVG000657 |
| 28 | Rao Employment Authorization Card (6/21/99-6/21/00) | CVG000663 |
| 29 | Rao application for employment with Convergys | CVG000664-667 |
| 30 | Consulting Agreement between Convergys and Mastech Systems Corporation effective 3/1/99 | CVG000677-685 |
| 31 | Handwritten notes of Kimberly Demko | CVG000686 |
| 32 | E-mail from Convergys to Sprint dated 09/19/99 | CVG000689 |
| 33 | Email from Convergys to Sprint with date 09/28/99 with September 17-18 Database Outage Timeline attached | CVG000692-698 |
| 34 | Internal Convergys' e-mail dated 09/24/99 re important message | CVG000691 |
| 35 | SSLP Database Recovery Reverse SRDF Plan | CVG000699 |
| 36 | Data Recovery | CVG000700 |
| 37 | Internal Convergys e-mails dated 9/28/99 and 9/29/99 re timeline and activity summary for post-mortem | CVG000708-709 |
| 38 | RCA/ICA Identification – Sept. 17-18 Database Outage | CVG000716 |
| 39 | E-mails between Chubb and Convergys dated 05/12/00 regarding claim | CVG000731-732 |
| 40 | E-mail between Chubb and Convergys dated 01/17/01 regarding claim | CVG000735-736 |

2

| 41 | Letter from Convergys to Convergys' agent dated 02/19/01 re claim | CVG000737 |
|---|---|---|
| 42 | Dbrown/hist (log printout) | CVG000887 |
| 43 | Internal Convergys' e-mails dated 08/99 re: usage d/b split, with attachment | CVG001097-1100 |
| 44 | Release Notes & Installation Instructions Usage Split Sprint PCS, dated 09/07/99 | CVG001107-1121 |
| 45 | Internal Convergys' e-mails re usage split project, with attachment | CVG001122-1130 |
| 46 | Internal Convergys' e-mails re usage split project, with attachment | CVG001131-1144 |
| 47 | Precedent 2000 Warm Site Disaster Recovery Plan for Sprint PCS dated 03/17/99 | CVG001177-1229 |
| 48 | Sprint PCS Disaster Recovery Plan dated 12/01/98 | CVG001230-1263 |
| 49 | E-mail from Convergys to Rao dated 08/06/99 re: usage split document, with attachment | CVG001870-1885 |
| 50 | E-mail dated 9/16/99 with Usage Split Spreadsheet attached | CVG003013-3016 |
| 51 | Internal Convergys' e-mails dated 9/17/99 re SSLP recovery, with attachment | CVG009134-9135 |
| 52 | Chubb check to Convergys dated 03/21/01 | CVG 0011043 |
| 53 | File entitled alert_ssup_old_log.txt | CVG011055-011154 |
| 54 | Convergys' time-related documents | CVG 011318-012504 |
| 55 | Letter from Convergys to Chubb dated 07/20/00 regarding Sprint claim, with attachments | CVG CHU 000218-222 |
| 56 | Letter from Convergys' agent to Chubb Dated 02/21/01 | CVG CHU 000227-228 |
| 57 | Personnel Action Form (Ragesh Rao 02/22/99) | 000337 |
| 58 | Personnel Action Form (Ragesh Rao 10/12/99) | 000376 |
| 59 | Personnel Action Form (Ragesh Rao (05/01/97) | 000382 |
| 60 | 01/5/00 letter from Convergys to Mastech | 000432-433 |
| 61 | 01/21/00 letter from Mastech to Convergys | 000434-436 |
| 62 | 07/13/00 letter from Convergys to Mastech | 000437-438 |
| 63 | Proforma (Credit) re Ragesh Rao | 000445 |
| 64 | Information record from Scott Solomon | 000469-470 |
| 65 | E-mail from Mastech to Convergys dated 06/23/99 | 000472 |

3

| 66 | Internal e-mail between Mastech employees dated 06/23/99 | 000473 |
| --- | --- | --- |
| 67 | Marked-up draft of Consulting Agreement between Convergys and Mastech Systems Corporation dated March 1, 1999 | 000475-483 |
| 68 | Proposed Amendment/Addendum to Consulting Agreement | 000484-487 |
| 69 | Proposed Amendment/Addendum to Consulting Agreement | 000488-491 |
| 70 | Notes of Scott Solomon | 000566 |
| 71 | Time Report of Ragesh Rao, 03/01/99 to 09/30/99 | 000567-575 |
| 72 | Payroll records of Ragesh Rao, July 1999 | 000580-581 |
| 73 | Payroll records of Ragesh Rao, August 1999 | 000584 |
| 74 | Payroll records of Ragesh Rao, September 1999 | 000587 |
| 75 | Payroll records of Ragesh Rao, September 1999 | 000589 |
| 76 | Miscellaneous Personnel Action Forms (Ragesh Rao) | 000590-594 |
| 77 | Personnel Action Form (Ragesh Rao 03/09/99) | 000595 |
| 78 | Personnel Action Form (Ragesh Rao 08/26/99) | 000596 |
| 79 | Personnel Action Form (Ragesh Rao 09/21/99) | 000597 |
| 80 | Personnel Action Form (Ragesh Rao 10/06/99) | 000598 |
| 81 | Personnel Action Form (Ragesh Rao 03/01/01 | 000599 |
| 82 | Joining/Relocation Report for Ragesh Rao | 000604 |
| 83 | SSP Alert Log, September 1999 | Not Bates-numbered |
| 84 | Open Systems File Restore Forms | Not Bates-numbered |
| 85 | E-mail from Mastech to Convergys dated 05/28/99 | Not Bates-numbered |
| 86 | File entitled rrao_hist_0920.txt | Not Bates-numbered |

CinLibrary/1381350.1

4

# APPENDIX B

## Defendant's Trial Exhibits

| No. | Exhibit | Bates Nos. |
|---|---|---|
| 1. | 5/14/99 Barry Shaffer E-Mail Notes - to P2K Sprint/Core Development | CVG 008569 |
| 2. | Darin Brown Application For Employment | CVG 001307 |
| 3. | 9/16/99 Ted Schwing E-Mail Notes - to David Porter | CVG 003013 |
| 4. | Convergys 1999 Annual Appraisal | CVG 001318 |
| 5. | 2/10/04 Cowan LTR and enclosed Bill Koopmans File | N/A |
| 6. | key stroke log (large computer printout) | N/A |
| 7. | key stroke log (one page computer printout) | CVG 000887 |
| 8. | 9/28/99 Bill Koopmas E-Mail Notes - to Derek Herr | CVG 000692 |
| 9. | 1/1/02 Darin Brown E-Mail Notes - to Bill Koopmans | CVG 000405 |
| 10. | Procedure followed to create the Usage Instance | N/A |
| 11. | E-Mail Notes - to Bill Koopmans | CVG 000135 |
| 12. | key stroke log (large computer printout) | CVG 000136 |
| 13. | Darin Brown E-Mail Notes - to Bill Koopmans | CVG 000296 |
| 14. | 9/20/99 Barry Shaffer E-Mail Notes - to Kim Griffith; 9/19/99 Barry Shaffer E-Mail Notes - to Jill Norris | CVG 000689 |
| 15. | RCA/ICA Identification 9/17-18 Database Outage (Chart) | CVG 000716 |
| 16. | 9/20/99 Ragesh Rao E-Mail Notes - to Darin Brown | CVG 000134 |
| 17. | 9/21/99 Darin Brown E-Mail Notes - to Bill Koopmans | N/A |
| 18. | Events from Friday Morning 9/18/99 - handwritten | N/A |
| 19. | Date/Time/Event/Notes - Chart | CVG 000037 |

| No. | Exhibit | Bates Nos. |
|---|---|---|
| 20. | Handwritten Notes (one page) | CVG 000686 |
| 21. | 9/24/99 Barry Shaffer E-Mail Notes - to Sprint BU - All | CVG 000691 |
| 22. | 9/21/99 Eric Walters E-Mail Notes - to Bill Koopmans | CVG 000714 |
| 23. | key stroke log (large computer printout) | CVG 011055 |
| 24. | Convergys' Responses and Objections to IGate's First Requests for Admission | N/A |
| 25. | 9/29/99 Barb Neiheisel E-Mail Notes - to Coleen Spaulding; | CVG 000708 |
| 26. | Open Systems File Restore Form - 9/21/99 4:29 a.m. | N/A |
| 27. | Open Systems File Restore Form - 9/21/99 4:38 a.m. | N/A |
| 28. | SSLP Database Recovery Reverse SRDF Plan - Chart | CVG 000039-48 |
| 29. | Data Recovery 'Takeaway' Action Items Sept. 17-18 Database Outage - Chart | CVG 000715 |
| 30. | 9/17/99 Darin Brown E-mail Notes - to Eric Walters, Tommy Brosnan, Doug Brueckner re SSLP recovery note 2 | CVG 009134 |
| 31. | 9/22/99 Mike DeCarlo E-Mail Notes - E-mail to Bill Koopmans re archivelogs to taps, e-mail to Mike DeCarlo re corrective actions | CVG 000690 |
| 32. | Precedent 2000 - Warm Site Disaster Recovery Plan for Sprint PCS - Draft Copy Version -4 3/17/99 | CVG 001177 |
| 33. | Invitation from Robert Bethel re standby overview - implementation discussion/planning and enclosing Enchanced Database Protection - Options P2K Core Architecture Revision Date: 10/6/99, Print Date: 2/10/03 | CVG 009878 |
| 34. | Sprint Spectrum L.P. and CBIS Customer Account and Billing System Agreement | CVG 000440 |
| 35. | Precedent 2000 - Disaster Recovery Plan | |

| No. | Exhibit | Bates Nos. |
|---|---|---|
|  | Documentation for Sprint PCS - Version 01.03 9/14/01 | CVG 000440 |
| 36. | Convergys RAS Audit 9/24/99 | CVG N/A |
| 37. | Chart - Start Date, Outage Min., SLA Impact Min., Description, Client Impact, Cause, effect, Root, Sev | CVG 011298-001316 |
| 38. | 4/7/00 Memo from John Meyer to Jeff Karakoosh re Downtown of Billing Application causing substantial costs | CVG 000431 |
| 39. | Chart - Issues Related to 9/17/99 Outage | CVG 000015 |
| 40. | Plaintiff Convergys Information Management Group Inc.'s Responses and Objections to Defendants' First Set of Interrogatories Directed to Plaintiff 10/28/02 | N/A |
| 41. | 8/25/99 Mike DeCarlo E-Mail Notes - to Pat Courts re Fresh Meat! (new hires) | CVG 006562 |
| 42. | 10/25/99 Eric Walters E-mail Notes - to Mike DeCarlo, et al. re Apology | CVG 005297 |
| 43. | 10/15/99 Darin Brown E-mail Notes - to Mike DeCarlo re Quest Software Solutions, to Peter Loughlin re Quest Software Solutions | CVG 005138 |
| 44. | 9/17/99 Sreeram Sathyamurthy E-mail Notes - to Eric Walters re Kim Martin's 9/17/99 e-mail to Shankh Pal re Please Update | CVG 009126 |
| 45. | 9/20/99 Neil Hulin E-mail Notes - to Ravindar Kura re Database Administration Staff Schedule | CVG 009270 |
| 46. | Eric Walters key stroke log (large computer printout) | N/A |
| 47. | SSP alert log (large computer printout) | N/A |
| 48. | Precedent 2000 Database & Data Management Release-To-Release Conversion Release Notes & Installation Instructions Usage Split Sprint PCS 9/7/99 | CVG 001107 |
| 49. | 9/14/01 Cowan LTR to Wadhwani and enclosed | |

| No. | Exhibit | Bates Nos. |
|---|---|---|
|  | Waiver of Summons and Complaint | 000548 (?) |
| 50. | 5/28/99 Kevin O'Hare E-Mail Notes - to Wanda Coats | CVG 011317 |
| 51. | 7/20/00 Fuchs LTR to Chubb enclosing 7/13/00 Fuchs LTR and Sprint Late Fee Summary | CVG 000218 |
| 52. | 2/21/01 Friedman LTR to Chubb enclosing various letters and report | CVG CHU 000227 |
| 53. | 3/29/00 Meyer Memo to Karakoosh | CVG CHU 000206 |
| 54. | 7/17/00 Fuchs fax cover sheet to Chubb enclosing 7/13/00 Fuchs LTR to Daugherty | CVG CHU 000215 |
| 55. | May 26, 1999 Consulting Agreement between Convergys IMG and Mastech Corporation | CVG 0001-0008 |
| 56. | March 1, 1999 Consulting Agreement between Convergys IMG and Mastech Systems Corporation | CVG 00677-00685 |
| 57. | Amendment/Addendum to Consulting Agreement | 484-487 |
| 58. | Amendment/Addendum to Consulting Agreement | 488-491 |
| 59. | E-mail Kevin O'Hare to Wanda Coats | 472 |
| 60. | Mastech Fee and Expense Schedule | 675 |
| 61. | Marked-up draft Consulting Agreement between Convergys IMG and Mastech Systems Corporation | 475-483 |
| 62. | Ragesh Rao Resume | CVG 647-650 |
| 63. | Rao's Oracle Certifications and letters of commendation | 316-335 |

| No. | Exhibit | Bates Nos. |
|---|---|---|
| 64. | Credit Request and Credit Invoice Documents | 442-445 |
| 65. | Summary of Mastech Systems Corporation Invoices (by invoice, date and amount), timesheets and payments received from Convergys IMG | N/A |
| 66. | Chubb Insurance Policies and Declarations pages from policies issued to Defendants | 0055-0064, 0093-0109, et al. |
| 67. | Two-page notes of William Koopmans regarding his interview with Ragesh Rao and alleged investigation | N/A |
| 68. | Convergys IMG Staff Schedule | CVG 3211-3212 |
| 69.* | Any and all exhibits referenced in the final expert report of Joe Greene, which will be submitted a reasonable time after completion of the Neil Hulin deposition, by agreement of the parties | N/A |

---

* Defendants reserve the right to offer any exhibits identified on Plaintiffs' exhibit list. Defendants also reserve the right to supplement this exhibit list, as may be necessitated by the additional depositions and discovery that the parties have agreed to conduct prior to the trial of this action. Such supplemental disclosures will be made reasonably in advance of the trial, in light of then-existing circumstances, such as the date on which the aforementioned depositions and discovery are completed.