# EXHIBIT D

Case 1:01-cv-00618-TSH   Document 48-5   Filed 04/01/2004   Page 1 of 10

CONSULTING AGREEMENT BETWEEN

CONVERGYS INFORMATION MANAGEMENT GROUP INC.

AND

MASTECH SYSTEMS CORPORATION

THIS AGREEMENT is entered into and effective the 1st day of March, 1999 by and between Convergys Information Management Group Inc., (hereinafter referred to as "CONVERGYS"), and Mastech Systems Corporation (hereinafter referred to as "Consultant") in accordance with the following terms and conditions:

ARTICLE 1 - THE WORK

The "Work" may consist of furnishing management, professional, technical, consulting or supervisory services; or a combination of the foregoing as set forth in work orders as agreed to by the parties from time to time in a form as set forth in Exhibit A. The Work may be on a time and materials basis or fixed sum.

ARTICLE 2 - CONTRACTUAL RELATIONSHIPS

A.  In performing the Work, Consultant shall have the status of an independent contractor and shall not act as or be an agent or employee of CONVERGYS. As such, Consultant shall determine the means and methods for performing the Work and shall be responsible for meeting the requirements of CONVERGYS. CONVERGYS' involvement in and coordination of Consultant's activities, are to assure it that the Work is being performed in a timely and efficient manner. Such involvement and coordination shall not relieve Consultant of any responsibility for the Work hereunder.

B.  Consultant shall employ for the Work persons known to it to be experienced, qualified and trustworthy. The credentials of any Consultant employee assigned to the Work shall be submitted to CONVERGYS in advance of such assignment. All persons performing the Work on CONVERGYS' Site shall comply with CONVERGYS' training, drug and alcohol, security, environmental protection, employee health and safety, and other policies and procedures. Consultant shall, at its expense and risk, immediately remove and replace any employee who, in CONVERGYS' opinion, does not meet these criteria. Consultant shall notify CONVERGYS of the names and roles of any person it proposes to use for the Work if Consultant knows him to be a former CONVERGYS employee. CONVERGYS may accept or reject the use of any person, whereupon Consultant shall provide a qualified substitute at no increase in price. CONVERGYS may cancel any assignment for any Consultant personnel not provided by Consultant by the date specified by CONVERGYS.

ARTICLE 3 - WARRANTY

A.  Consultant warrants that it shall perform the services constituting or comprising the Work with the highest degree of skill and care required by customarily accepted good and sound



CVG 000677

professional practices and procedures to ensure that they are correct and fit for the purpose intended and in accordance with prevailing standards of loyalty and ethical conduct.

B. Consultant shall reperform any faulty Work with due regard for the integrity and scheduling of the project (of which the Work may be a part).

C. If, after it is notified of faulty Work, Consultant delays in commencing, continuing and successfully reperforming the Work, CONVERGYS may do so, and Consultant shall pay CONVERGYS its costs incurred in connection therewith. Any payment by Consultant or deductions by CONVERGYS from amounts due Consultant shall not prejudice CONVERGYS' other rights or defenses hereunder or under applicable law.

D. The foregoing provisions of this article shall not negate any other warranties of Consultant, expressed or implied by operation of law.

## ARTICLE 4 - INDEMNIFICATION

Consultant assumes the risk of, and shall at all times defend, indemnify, protect and save harmless CONVERGYS and its officers, directors, employees, representatives, associates, agents, successors, and assigns against all claims and actions, losses, costs, fines, penalties and damages to property or to the environment and/or injury, sickness, or disease to persons (including death) due to the acts or omissions of Consultant or anyone acting under its direction or control or in its behalf and all expenses (including legal and investigation fees) incidental thereto. The foregoing indemnity by Consultant shall apply to all claims against CONVERGYS, including, but not limited to (i) claims for personal injuries (including death) by any person made or threatened by, in the name, or on behalf of, Consultant's employees, including claims for personal injuries arising in the course of their employment, Consultant hereby waives any defense it might otherwise have under applicable workers compensation laws; (ii) loss of and/or damage to any and all property; (iii) violations or alleged violations of applicable federal, state or local laws; and (iv) breach of any representation or warranty by Consultant, its agents, Subcontractors/assignees and anyone directly or indirectly employed by any of them in connection with this Agreement; but it shall not apply to any liability based upon CONVERGYS sole negligence. Consultant shall promptly notify CONVERGYS of, and shall defend CONVERGYS against all claims, demands, suits and proceedings for which Consultant has, or might have, indemnification responsibility hereunder. CONVERGYS may, at its sole discretion, participate in such defense to the extent it deems necessary to protect its own interest, and Consultant shall cooperate with CONVERGYS in any such defense. This indemnification obligation shall survive termination or expiration of this Agreement.

## ARTICLE 5 - INSURANCE

A. Consultant represents that it now carries, and agrees it will during the term of this Contract to carry, worker's compensation, comprehensive liability and automobile liability insurance with carriers reasonably satisfactory to CONVERGYS as follows:

| Type of Coverage | Limits |
|---|---|
| (1) Worker's Compensation | Statutory |

|     |     |     |
| --- | --- | --- |
| (2) | Employer's Liability | $500,000 |
| (3) | Comprehensive or Commercial General Liability (Public Liability): | |

    a.    Bodily and Personal Injury and Property Damage    $1,000,000 Per Occurrence or Claim
                                                                                       $1,000,000 combined single limit

    b.    Blanket Contractual    Included

    c.    Products and Completed Operations Hazard    Included

    d.    Broad Form Property Damage    Included

(4)    Automobile Liability Insurance (owned, hired & non-owned);

        Bodily Injury and Property Damage    $1,000,000 per occurrence combined single limit

(5)    Professional Liability    $2,000,000

B.    Consultant shall furnish to CONVERGYS a certificate of insurance for the foregoing coverages, which shall include the following:

    (1)    Name of insurance company, policy number and expiration date;

    (2)    Whether the coverages are on a claim made or occurrence basis, and the limits on each, including the amount of deductibles or self-insured retentions (which shall be for the account of Consultant);

    (3)    A statement that CONVERGYS shall receive 30 days notice of cancellation or modification of any of the policies, which may affect CONVERGYS' interest; and

    (4)    A statement that CONVERGYS has been named an additional insured (except for worker's compensation) on all policies.

C.    Consultant shall waive any rights of subrogation which it may have against CONVERGYS, its agents or its employees.

D.    Consultant shall not permit any of its personnel to enter upon CONVERGYS' Site or continue with the performance of its subcontract thereon unless Consultant shall have complied with the insurance requirements as specified in paragraph A above, and shall have named CONVERGYS an additional insured on all policies (except for worker's compensation).

## ARTICLE 6 - LAWS, REGULATIONS AND PERMITS

A.    Consultant shall strictly comply with all applicable federal, state and local laws, rules or regulations including those relating to wages, hours, fair employment practices, equal opportunity, antidiscrimination, employee health and safety, environmental protection, fire prevention and working conditions.

B. Any costs, fines, penalties, awards, damages or other liabilities associated with any violations of this article shall be to Consultant's own account.

## ARTICLE 7 - FORCE MAJEURE

A. Neither Consultant nor CONVERGYS shall be liable for any failure or delay in performing its obligations hereunder, or for any loss or damage therefrom, due to:

(1) acts of God or public enemy, acts of government, riots, fires, floods, strikes, epidemics, act or failure to act by the other party, or

(2) due to unforeseeable causes beyond their reasonable control or causes beyond the foreseeable reasonable control of their suppliers.

B. In the event of any such failure or delay, the date of delivery or performance shall be extended for a period equal to the time lost by reason of the delay, and CONVERGYS need not pay Consultant during such period. Both parties shall be prompt in restoring normal conditions, establishing new schedules and resuming operations as soon as the event causing the failure or delay has ceased. Consultant shall notify CONVERGYS promptly of any delay and shall specify the effect on the Work.

## ARTICLE 8 - CONVERGYS' PROPERTY; USE OF WORK; MATERIALS DEVELOPED BY CONSULTANT

A. All data, plans, specifications, drawings, software and other property (in whatever form or media) furnished by CONVERGYS to Consultant shall remain CONVERGYS' property and shall be used only for the Work. Consultant shall return such CONVERGYS property and all copies thereof to CONVERGYS upon completion of the Work. CONVERGYS shall have the right to take possession and use portions of the Work. Such possession or use shall not constitute acceptance or approval of any Work or portion thereof which does not conform with this Agreement, and shall not release Consultant from any obligations hereunder.

B. Any drawings, designs, documents, information, programs, systems, inventions, discoveries, data and other deliverables prepared by Consultant in performing the Work (collectively, "Deliverables") shall be considered "work for hire" and shall be CONVERGYS' exclusive property. If, however, the Deliverables are not deemed "work for hire" under applicable law, this Agreement shall be deemed an assignment to CONVERGYS of all of Consultant's right, title and interest in and to all proprietary rights for the Deliverables, including copyrights and patent rights, and Consultant shall execute and deliver such other instruments and take such other action as CONVERGYS may request (including the filing of copyright and patent applications and assignments) to protect CONVERGYS' rights to the Deliverables.

C. CONVERGYS shall have the right to take possession and use reports and deliverables received from Consultant. Such possession or use shall not constitute acceptance or approval of any Work or portion thereof which does not conform with the Agreement.

D. CONVERGYS shall own and have unrestricted use of all originals of the Deliverables generated by Consultant in the performance of the Work hereunder, provided however, Consultant may retain and use for its own purposes in carrying out its Work hereunder copies of drawings, designs, documents, information and data included among the

Deliverables.

## ARTICLE 9 - PATENTS AND COPYRIGHTS

A.  Consultant assumes the risk of, and shall, at all times defend, indemnify, protect, and save harmless CONVERGYS and its officers, directors, employees, representatives, associates, agents, successors, and assigns against all claims, actions or proceedings threatened or instituted against CONVERGYS (through counsel selected by Consultant, said selection to be subject to CONVERGYS' approval, which shall not be unreasonably withheld) and shall pay award of damages and/or costs assessed against CONVERGYS in such actions or proceedings insofar as the same are based on any claim or allegation that the Work or any portion thereof infringes on any proprietary right, patent or copyright. CONVERGYS shall give Consultant prompt written notice of the service on it of process for any such claim, action or proceeding and shall furnish Consultant, at Consultant's expense, all information, authority and assistance needed to enable Consultant to defend the same. CONVERGYS shall at its own option and expense have the right to participate in the defense or settlement of any such claim, action or proceeding.

B.  If in any action or proceeding, the Work or any portion thereof is held to constitute an infringement, at CONVERGYS' direction, Consultant shall forthwith, at its expense, (1) secure for CONVERGYS a license or other right to use the Work or such portion, (2) replace the Work or such portion with non-infringing Work that meets the requirements of the Agreement or (3) remove the infringing Work or such portion and refund the sums paid therefor by CONVERGYS, and any out-of-pocket costs incurred by CONVERGYS in connection with its purchase and use of the infringing Work.

## ARTICLE 10 - NON-DISCLOSURE

A.  Consultant, after receiving information, deemed by CONVERGYS as confidential, shall not disclose or communicate such information to a third party, without the prior written consent of CONVERGYS. All Work shall be considered confidential to CONVERGYS.

B.  The foregoing prohibition shall not apply to information which: (1) was published before the Agreement date; (2) becomes publicly known without a wrongful act of the Consultant; (3) was known by the Consultant prior to receipt from CONVERGYS or is independently developed by Consultant, if the person developing the same has not had access to such information; (4) is required to be disclosed by subpoena, document discovery demand, law, rule, regulation or judicial or administrative order, if Consultant notifies CONVERGYS and uses its best efforts to limit the information to be disclosed if and as reasonably requested by CONVERGYS; (5) is rightfully obtained without restriction by Consultant from a third party who has the right to make such a disclosure.

## ARTICLE 11 - DRUGS AND ALCOHOL

A.  Consultant shall be responsible for establishing procedures that will, in the performance of this Agreement with CONVERGYS, prohibit the use, possession, sales and/or being under the influence of physical or mind-altering substances including but not limited to, alcoholic beverages, drugs not prescribed by a physician, narcotics, marijuana, or other "controlled substances" or "controlled dangerous substances" (as defined by criminal statutes), by its employees while at CONVERGYS or in the performance of the Work.

B.  Consultant's employee shall be immediately removed, and denied access to CONVERGYS' property upon violation or suspected violation of the policy adopted by Consultant.

## ARTICLE 12 - RATES

Rates will be based on required skills and negotiated on a "by case" basis.

CONVERGYS shall pay Consultant within thirty (30) days of receipt and approval of each month's invoice in accordance with the negotiated rates.

## ARTICLE 13 - NON HIRE

Consultant agrees that during the term of this Agreement and 18 months after the completion of the Work, Consultant will not hire any of CONVERGYS' current or past employees without the written consent of CONVERGYS.

## ARTICLE 14 - EMPLOYEE STATEMENTS

Consultant agrees to supply CONVERGYS with a statement attesting that background investigations have been conducted for all Consultant's employees assigned to a CONVERGYS project. The statement must contain the following information: Consultant name, employee's name and social security number, date the background investigation was conducted and the name of the investigation agency, verification that the named employee does not have a record of any felony/misdemeanor convictions and has an unrestricted right to work in the U.S. (I-9).

Consultant agrees to supply CONVERGYS with a statement attesting that the CONVERGYS, "Our Code of Business Conduct" practices has been discussed with each employee assigned to CONVERGYS.

## ARTICLE 15 - RIGHT TO HIRE

All Consultant personnel utilized by CONVERGYS shall be considered and remain employees of Consultant except that CONVERGYS may extend employment offers to Consultant's personnel after such personnel have engaged in six months of full-time on-site assistance. At which time, CONVERGYS may extend an offer of employment to such Consultant's employees free of any additional fees or charges. It is understood that each six month engagement will consist of a minimum of 1,000 billable hours.

## ARTICLE 16 - TERM

The terms of this Agreement shall be valid during the period March 1, 1999 to March 1, 2000, Consultant and CONVERGYS may negotiate to have the Agreement renewed or adjusted thereafter for any specified period of time agreed, in writing, by the parties.

## ARTICLE 17 - TERMINATION

This Agreement may be terminated by either party at any time by the giving of thirty (30) days advance written notice of such termination to the other party.

## ARTICLE 18 - NOTICES

Any work orders, written notices and invoices required hereunder shall be sent to Convergys

Information Management Group Inc., 600 Vine Street, Cincinnati, Ohio 45202. Payments and written notices shall be sent to Consultant at Mastech Systems Corporation 1004 McKee Road, Oakdale, Pennsylvania 15071.

## ARTICLE 19 - INFORMATION

Consultant agrees to supply upon CONVERGYS' request any and all information and data related to the performance or carrying out of this Agreement.

## ARTICLE 20 - SUCCESSORS

This Agreement shall be binding upon the respective successors and assigns of the parties, and CONVERGYS hereby retains the power to assign its right and obligations under this Agreement.

## ARTICLE 21 - TAXES AND BENEFITS

A. The Agreement Price includes, and Consultant shall pay, and shall at all times defend, indemnify, protect and save harmless CONVERGYS and its officers, directors, employees, representatives, associates, agents, successors and assigns against, all taxes and contributions and all interest accrued thereon and penalties imposed, and all taxes, duties, assessments and other charges levied by any government agency or authority, on or because of the Work or any materials, equipment, services or supplies furnished or used in performing the Work.

B. Consultant shall be liable for any and all employment taxes and contributions for unemployment insurance, old age retirement benefits, pensions, annuities and similar benefits, for employees of Consultant who perform the Work.

## ARTICLE 22 - GRATUITIES

A. CONVERGYS' policy statements prohibit its employees (and their family members) from requesting or accepting anything (including gifts, payments, loans, travel, tickets, entertainment or other benefits of value from vendors, customers, competitors or suppliers) that could be construed as an attempt to influence the performance of the employee's duties or as an attempt to favor a competitor or supplier.

As a general rule, things of value are not to be accepted. However, this policy does not prohibit acceptance of commonly accepted business courtesies such as promotional items of nominal value which are offered to the public generally, so long as such acceptance does not create and could not be construed to create a sense of favoritism or obligation to the donor. This policy also does not prohibit employees from accepting occasional meals if they are reasonable and for a business purpose.

B. Consultant acknowledges the foregoing as CONVERGYS' policy and warrants that it or anyone acting on its behalf (including, without limitation, Subcontractors) has not and shall not offer or extend, directly or indirectly, anything of value (including gifts, payments, loans, travel, tickets, entertainment or other benefits of value) to any of CONVERGYS' employees (except for promotional items or meals as set forth in paragraph A above).

C. Any breach of this article, with which Consultant agreed to comply as a condition to receiving this Agreement, shall be a material breach of this Agreement and shall be deemed to be a material breach of each and every other contract between CONVERGYS and

Consultant.

## ARTICLE 23 - SEVERABILITY

If any of these terms and conditions is held unenforceable, all other terms and conditions shall apply, and the unenforceable provision(s) will be severed from these terms and conditions. The balance of the terms and conditions shall be binding on both parties as if the severed provision(s) had never existed, unless performance thereof is legally impractical and no longer fulfills the intentions of CONVERGYS under the Agreement.

## ARTICLE 24 - NO WAIVER; CONVERGYS' RIGHTS

CONVERGYS' failure to insist upon Consultant's performance of any provision of the Agreement shall not be a "course of dealing" or a waiver by CONVERGYS of such provision or its right to enforce such provision in the future. CONVERGYS' payment of any sum to Consultant or CONVERGYS' receipt of any Work with knowledge of any default shall not waive such default or any other default. No waiver shall be binding upon CONVERGYS unless it is in writing and signed by CONVERGYS. Such waiver shall apply only to the specific default or the instance specified, and a waiver of any default shall not waive any other default, whether or not similar to the default waived. CONVERGYS' rights and remedies hereunder shall be cumulative and not exclusive of each other, shall be in addition to its other rights and remedies at law or in equity, and may be pursued separately or concurrently as it chooses.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective the date first written above, by affixing their signatures.

CONVERGYS INFORMATION
MANAGEMENT GROUP INC.

By: *Mary C Hauser*
Print Name: MARY C. HAUSER
Title: VICE PRESIDENT

MASTECH SYSTEMS CORPORATION

By: _____
Print Name: _____
Title: _____

APPROVED
AS TO FORM
WPC 3/15/99
CONVERGYS LEGAL

## EXHIBIT A

This Request for Services is an Addendum to that certain Consultation Agreement dated as of March 1, 1999, by and between Convergys Information Management Group Inc. ("CONVERGYS") and Mastech Systems Corporation ("Consultant") and is incorporated therein by this reference.

### REQUEST FOR CONSULTING SERVICES
### ADDENDUM NO. 1

| | |
|---|---|
| Consultant's Employee's Name: | Ragesh Rao |
| Assignment Date: | March 1, 1999 |
| Assignment Duration: | Six Months |
| Compensation Rate: | $67.00 per hour of work including hours exceeding 40 per week<br>Mutually agreed expenses incurred will be billed upon relocation of this individual if he is not retained for services for at least four (4) months, provided such services are satisfactory to CONVERGYS |
| Description of Services: | Software engineering, computer software programming, systems analysis, design, project management, consulting, education |

ALL OTHER TERMS AND CONDITIONS SHALL BE GOVERNED BY THE CONSULTATION AGREEMENT TO WHICH THIS ADDENDUM IS ATTACHED.

| CONVERGYS INFORMATION MANAGEMENT GROUP INC. | MASTECH SYSTEMS CORPORATION |
|---|---|
| By: *Mary C Hauser* | By: _____ |
| Title: VICE PRESIDENT | Title: _____ |
| Date: 3/15/99 | Date: _____ |

```
APPROVED
AS TO FORM
WPC 3/15/99
CONVERGYS LEGAL
```

CVG 000685