UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CONVERGYS INFORMATION MANAGEMENT GROUP INC., et al., | : : : | Case No.: C-1-01-618 |
| Plaintiffs, | : : | Magistrate Judge Hogan |
| V. | : : : : : : : | **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES** |
| IGATE CORPORATION, et al., | : : | |
| Defendants. | : | |

**I.     INTRODUCTION**

On March 22, 2004, Plaintiffs Convergys Information Management Group Inc. and Chubb Custom Insurance Company filed their Motion *in Limine* seeking to exclude evidence of remedial measures taken subsequent to September 17, 1999, the date of the database outage at issue. On April 1, 2004, Defendants filed their Brief in Opposition ("Opposition"). In their Opposition, Defendants offer no credible arguments for why Federal Rule 407 does not apply to the evidence at issue. Accordingly, Plaintiffs request an Order *in limine* prohibiting Defendants from introducing all evidence constituting remedial measures undertaken subsequent to the September 17, 1999 database outage at issue.

**II.    ARGUMENT**

Initially, Defendants state in their Opposition that Plaintiffs did not specify the changes made by Plaintiff Convergys Information Management Group, Inc. ("Convergys IMG") after the September 17, 1999 database outage to the procedures for maintaining backup copies of the database. (*See* Defendants' Opposition, p. 2) ("Plaintiffs Motion *In Limine* attempts to bar as evidence certain changes (unspecified in the Motion *In Limine*) . . ."). Defendants are simply not correct. In Plaintiffs' Motion,

Plaintiffs identified, without limitation, at least four such changes: (1) in 2000, Convergys IMG implemented a standby database in order to improve recovery time in the event of a corruption of the database and to protect against the type of mistake that Ragesh Rao ("Rao") made; (2) after sometime in 2000, an entire copy of the database was kept on another server; (3) after the database outage, Convergys IMG implemented more frequent tape backups of the archive log file systems, going to hourly backups; and (4) after the database outage, Convergys IMG increased the size of its archive log files so that they could store 3 days worth of archive logs. (*See* Koopmans Deposition, at 86-87, 89, 90; Brown Depo., at 231, 233, 236).[1] Moreover, at trial, there will likely be other evidence of remedial changes made to the database after September 17, 1999 that Defendants will seek to offer into evidence. All evidence constituting subsequent remedial measures, including the foregoing evidence, is irrelevant and inadmissible under Federal Rules 401, 402, 403, and 407.

      A.      **Rule 407 applies to all actions, whether contract, tort, or otherwise, where evidence of subsequent measures is offered to prove negligence.**

Defendants first argue that Rule 407 should not apply because the instant action is a breach of contract action. (*See* Defendants' Opposition, pp. 2-4). Defendants' argument should be rejected for a number of reasons.

In considering the applicability of Rule 407, the Sixth Circuit has stated that "the critical question is the purpose for which the evidence is offered." *Bryan v. Emerson Electric Co., Inc.*, 856 F.2d 192 (6th Cir. 1988) (copy attached as Exh. A). Any asserted exceptions to Rule 407 must be construed

---

[1] The deposition pages to which Plaintiffs cite in this Reply Memorandum are attached as Exhibits C and D to Plaintiffs' initial Motion.

"narrowly in a careful attempt to preserve the essence of the Rule's proscription against admission." *Id.*; *see also Polec v. Northwest Airlines, Inc.*, 86 F.3d 498, 529 (6th Cir. 1996) ("Courts have been wary to restrict the scope of Rule 407.").

Defendants' argument that Rule 407 should not apply simply because there is a contract between the parties ignores the plain language of Rule 407 and the purpose for which Defendants are seeking to offer the evidence of post-September 17, 1999 remedial measures. The plain language of Rule 407 prohibits the admissibility of subsequent remedial measures "to prove negligence." Fed. R. Evid. 407; *see Polec*, 86 F.3d at 530 ("The text of the rule is unqualified, and there is precedent cautioning us from creating exceptions."). Rule 407 is not limited to evidence offered "to prove negligence in tort cases." By its express terms, Rule 407 is not limited to tort cases.

Similarly, Defendants suggest in their Opposition that Rule 407 only applies in cases where "fault in the form of negligence or culpable conduct" is at issue. (*See* Defendants' Opposition, p. 4). The Sixth Circuit rejected such a narrow interpretation of Rule 407, in the very case cited by Defendants in their Opposition. In *Hall v. American Steamship Co.*, 688 F.2d 1062, 1067 (6th Cir. 1982), the Sixth Circuit determined that Rule 407 applies to strict liability cases, where negligence or culpable conduct by definition is not at issue, explaining that:

> [I]t is the fact that the evidence may be used against [a party] which will inhibit subsequent repairs or improvement. It makes no difference . . . on what theory the evidence is admitted; [a party's] inclination to make subsequent improvements will be similarly repressed.

*Id.* at 1067 (quoting *Werner v. Upjohn Co.*, 628 F.2d 848 (4th Cir. 1980))[2]; *see also Bryan*, 856 F.2d

---

[2] Defendants cite *Hall* in support of their argument that exclusion under Rule 407 is appropriate "only when the evidence of subsequent remedial measures is offered as proof of negligence or culpable conduct," yet the holding of the Sixth Circuit in *Hall* was to reverse the trial court's decision due to the erroneous admission of post-accident corrective measures. *Hall*, 688 F.2d at 1067.

192 (Rule 407 applies to strict liability cases); *R.M. Perlman, Inc. v. New York Coat, Suit, Dresses, Rainwear & Allied Workers' Union Local 89-22-1*, 33 F.3d 145, 156 (2nd Cir. 1994) (applying Rule 407 to statutory claims involving the National Labor Relations Act, and finding that a letter recommending that contentious clauses be reworded or removed was a subsequent remedial measure). Moreover, the *Mowbray*, *All the Chips*, and *Giampapa* cases cited by Defendants in their Opposition, (*see* Defendants' Opposition, p. 4), in addition to not being binding upon this Court, have no application to the instant case. In none of those cases were there contracts where negligence is an issue, as there is in the instant case. For Defendants to prevail on the contract and indemnification claims in this case, they must show that Convergys IMG was solely negligent for the September 17, 1999 database outage. (*See* Exhs. A and B to Plaintiffs' initial Motion, Section 4).

The Sixth Circuit has also rejected Defendants' related argument that the sole policy under Rule 407 is "to encourage parties to implement socially desirable remedial measures without making it more likely to have a suit instituted against the party because of the remedial measures." (*See* Defendants' Opposition, p. 5). As the Sixth Circuit explained in *Polec*:

> One might argue that the purpose of Rule 407, at least as that purpose is commonly understood, is not directly served by application of the rule to the present circumstances. . . .
>
> However, it would be wrong to construe the function of Rule 407 so narrowly. Independent of its effect on safety upgrades by alleged tortfeasors, the rule bars a class of evidence that is very poor proof of negligence or defectiveness. . . .
>
> The text of the rule is unqualified, and there is precedent cautioning us from creating exceptions. Furthermore, although applying the rule to measures taken by plaintiffs does not serve the rule's purpose to encourage safety precautions, it does serve the rule's purpose of excluding inherently unreliable evidence.

*Polec*, 86 F.3d at 529-30.

Defendants clearly intend to offer the inherently unreliable evidence of post-September 17, 1999 remedial measures in an attempt to prove Convergys IMG's sole negligence. The contract between the parties requires Mastech to indemnify Convergys IMG for all losses "due to the acts or omissions of [Mastech] or anyone acting under its direction or control or on its behalf and all expenses (including legal and investigation fees) incidental thereto" caused by Mastech's "agents, [s]ubcontractors/assignees and anyone directly or indirectly employed by any of them . . ." (*See* Exhs. A and B to Plaintiffs' Motion *In Limine*, Section 4). The indemnification provision does not apply "to any liability based upon [Convergys IMG's] sole negligence." (*See id.*). Thus, because Rao was at a minimum acting on Mastech's behalf when he caused the database outage on September 17, 1999, the indemnification section in the parties' contract applies unless the database outage was the result of Convergys IMG's sole negligence. Defendants as much as admit in their Opposition that they are seeking to offer post-September 17, 1999 remedial measures in an attempt to prove that Convergys IMG was solely negligent, when they state that "the evidence in dispute is to be offered by Defendants for causation . . ." (*See* Defendants' Opposition, p. 3). Seeking to offer evidence to prove "causation," which is not an exception to Rule 407 anyway, is no different than seeking to offer evidence to prove negligence.

**B.    The evidence at issue is not admissible to prove feasibility.**

Defendants next suggest in their Opposition that post-September 17, 1999 remedial measures are admissible to show "the feasibility as of September 17, 1999 of Plaintiffs' archiving procedures and equipment in question." (*See* Defendants' Opposition, p. 4). As the Sixth Circuit stated in *Bauman v. Volkswagenwerk Aktiengesellschaft*, 621 F.2d 230, 233 (6th Cir. 1980), "Rule 407 requires that feasibility be contested." Where feasibility is not in any way controverted, it is error for a court to admit subsequent remedial measures under the feasibility exception of Rule 407. *Id.* at 233.

5

Convergys IMG does not contend that it was not feasible as of September 17, 1999 for it to take the remedial measures that it took after September 17, 1999. Accordingly, the feasibility exception to Rule 407 does not apply.

**C.    Rule 407 prohibits evidence of subsequent remedial measures regardless of who took them.**

Defendants next argue that "Rule 407 only applies where a plaintiff seeks to introduce subsequent remedial measures against a defendant, and is inapplicable where a defendant seeks to introduce such measures against a plaintiff." (*See* Defendants' Opposition, p. 5). Defendants cite in support of their argument the unreported Illinois district court opinion of *Murillo v. Sandvik* and a few other cases that merely mention the word defendant (but the holdings of which are not limited to evidence offered against defendants). (*See id.*). Again, Defendants' argument ignores the plain language of Rule 407 and applicable Sixth Circuit precedent.

Rule 407 prohibits the introduction of evidence of subsequent measures "to prove negligence." It does not say that it is limited to the introduction of evidence of subsequent measures "to prove negligence of the defendant." As the Sixth Circuit stated in *Polec*, "[b]y its terms, the Rule seems to exclude evidence of remedial measures **regardless of who took them**." *Polec*, 86 F.3d at 529 (emphasis added).

Moreover, while there are some cases outside of the Sixth Circuit that do not apply Rule 407 to evidence offered against plaintiffs, there are other cases outside of the Sixth Circuit that do apply Rule 407 in such circumstances. For example, in *Alimenta (U.S.A.), Inc. v. Stauffer*, 598 F. Supp. 934 (N.D. Ga. 1984), plaintiff sought to exclude defendant from offering evidence of a post-termination report against plaintiff under Rule 407. The district court prohibited defendant from offering such evidence against plaintiff. *Id.* at 940.

Accordingly, the express provisions of Rule 407 and the cases discussed above warrant the conclusion that evidence of subsequent remedial measures should be excluded regardless of which party took them.

**D.    The impeachment exception to Rule 407 does not apply.**

Defendants proceed to argue that the impeachment exception authorizes the admission of post-September 17, 1999 remedial measures.[3]  In addition to the Sixth Circuit cases cited above that instruct courts to interpret alleged exceptions to Rule 407 narrowly, *see Bryan*, 856 F.2d 192; *Polec*, 86 F.3d at 529, other federal cases have found that the impeachment exception to Rule 407 must be construed especially narrowly.  A court "must interpret the impeachment exception to Rule 407 circumspectly because 'any evidence of subsequent remedial measures might be thought to contradict and so in a sense impeach [a party's] testimony. . . .'" *Complaint of Consolidation Coal Co. v. Newman*, 123 F.3d 126, 136 (3rd Cir. 1997) (citation omitted).  Therefore, for the impeachment exception to apply, "the evidence offered for impeachment must contradict the witness's testimony directly." *Id.*  Defining the term "impeachment" in a less stringent manner would permit the exception to swallow the rule. *Kelly v. Crown Equipment Co.*, 970 F.2d 1273, 1278 (3rd Cir. 1992).

In their Opposition, Defendants fail to articulate how evidence of post-September 17, 1999 remedial measures would impeach the testimony of Plaintiffs' witnesses to begin with.  They offer no deposition testimony in support of any contradiction between a witness' testimony and the remedial evidence at issue.  Moreover, contrary to Defendants' statement in their Opposition, Plaintiffs allege

---

[3]    The *Rimkus* and *Scurlock Marine* cases cited by Defendants in support of this argument could not be more procedurally different than the instant case.  In those cases, the defendants asserted the affirmative defenses of contributory negligence, and the plaintiffs were permitted to offer evidence to show that they were not contributorily negligent.

In the instant case, there is no Counterclaim against Plaintiffs, and therefore Plaintiffs have obviously not asserted the affirmative defense of contributory negligence.  Thus, Defendants cannot offer post-September 17, 1999 remedial measures to show that they were not contributorily negligent.

that Rao's actions alone caused some of the damages in this case, and that Rao's actions along with the actions of a Convergys IMG employee caused the remainder of the damages in this case. Because Rao was an employee of Defendants and was acting on behalf of Defendants, Defendants are liable under the indemnification provision for the losses incurred, unless Defendants can demonstrate that Convergys IMG was solely negligent for causing the database outage. Admitting evidence of post-September 17, 1999 remedial measures will in no way impeach the testimony of Convergys IMG's witnesses. Although not relevant anyway, admitting such evidence will in no way impeach "Plaintiffs' theory of causation and damages" either, as Defendants suggest in their Opposition. (*See* Defendants' Opposition, p. 6). There is simply no contradiction between the expected evidence and the post-September 17, 1999 remedial measures, much less a direct conflict with any witness' testimony, to warrant application of the impeachment exception to Rule 407.

**E.       The scope of Rule 407 includes investigative reports and post-mortem analyses.**

Defendants finally argue that "any and all investigative reports and post-mortem analyses created by Plaintiffs discussing the necessity of the subsequent measures should be admissible." (*See* Defendants' Opposition, p. 7). The district court rejected Defendants' position in *Alimenta.* In *Alimenta*, a civil fraud case, plaintiff sought to prohibit defendants from introducing into evidence a report from Price Waterhouse that made certain recommendations regarding plaintiff's trading practices and procedures subsequent to the actions of the defendants which allegedly defrauded plaintiff. *Alimenta*, 598 F. Supp. at 936. The district court in *Alimenta* granted plaintiff's motion *in limine* and excluded the report under Federal Rule 407, finding that the report "is a 'subsequent remedial measure' taken by [plaintiff] as it was prepared at the request of [plaintiff's] president for the purpose of improving the procedures and controls relating to [plaintiff's] transaction systems following

[defendant's] departure from [plaintiff]." *Id.* at 940; *see also Martel v. Massachusetts Bay Transp. Authority*, 525 N.E.2d 662, 664 (Mass. 1988) (holding that "good public policy also requires the exclusion of the results of the defendant's investigation into the causes of an accident involving its bus," in part because the "investigation is inextricably bound up with the subsequent remedial measures to which it may lead").

Rule 407 applies to prohibit the introduction of all subsequent remedial measures when offered to prove negligence. As the court in *Alimenta* concluded, the scope of Rule 407 includes investigative reports and post-mortem analyses. All evidence of whatever description relating to subsequent remedial measures taken after September 17, 1999 should be excluded at trial.

### III.   CONCLUSION

Accordingly, Plaintiffs Convergys Information Management Group Inc. and Chubb Custom Insurance Company request an Order *in limine* prohibiting Defendants from introducing all evidence constituting remedial measures undertaken subsequent to the September 17, 1999 database outage at issue.

OF COUNSEL

Robert D. Shank (Ohio No. 0069229)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio  45202
(513) 651-6800

/s/ *Robert D. Shank*
Grant S. Cowan (Ohio No. 0029667)
Trial Attorney for Plaintiffs
Convergys Information Management
Group Inc. and Chubb Custom Insurance
Company
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio  45202
(513) 651-6745 (direct dial)
(513) 651-6981 (facsimile)

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 8, 2004, a copy of the foregoing Plaintiffs' Reply Memorandum in Support of Motion *in Limine* to Exclude Evidence of Subsequent Remedial Measures was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                 */s/Robert D. Shank*

CinLibrary/1386562.2