# EXHIBIT A

Service: **Get by LEXSEE®**
Citation: **856 F.2d 192**

↵Select for FOCUS™ or Delivery
☐

*856 F.2d 192; 1988 U.S. App. LEXIS 11972, \**

JOHN BRYAN, Plaintiff-Appellant, HARTFORD INSURANCE GROUP, Intervening Plaintiff-Appellant, v. EMERSON ELECTRIC COMPANY, INC. AND VANDERBILT CHEMICAL CORPORATION, Defendants-Appellees

No. 87-6027

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

856 F.2d 192; 1988 U.S. App. LEXIS 11972

September 1, 1988, Filed

**NOTICE:** [\*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** On Appeal from the United States District Court for the Western District of Kentucky.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff employee filed a product liability claim against defendant manufacturer. The United States District Court for the Western District of Kentucky entered judgment on a jury verdict in favor of the manufacturer. The employee appealed.

**OVERVIEW:** The employee was injured when the ladder he was climbing on allegedly collapsed. On appeal, the employee contended that the district court erred by excluding evidence of a recall notice and by refusing to admit evidence of prior, similar accidents. The manufacturer contended that the recall was barred by Fed. R. Evid. 407 as a subsequent remedial measure and the prior accidents were barred by Fed. R. Evid. 402 because they were not substantially similar. The appellate court held that the district court did not abuse its discretion in excluding the recall notice. The court found that the jury was aware of a prior design change by the manufacturer, the notice was not admissible to demonstrate negligence or culpable conduct, and there was no testimony to impeach. The appellate court also concluded that the district court did not abuse its discretion by excluding evidence of prior accidents. The court found that the employee failed to establish the similarity of the prior accidents.

**OUTCOME:** The court affirmed the judgment in favor of the manufacturer.

**CORE TERMS:** ladder, runglock, notice, rung, appearance, prior accident, remedial measure, similarity, evidence of prior, lock, substantially similar, exclude evidence, culpable conduct, abuse of discretion, admissibility, occurrence, causation, hung, N2 Rule, substantially outweighed, exclusion of evidence, admissible to prove, admission of fault, remedial

measures, offered to prove, probative value, demonstrating, inadmissible, prejudicial, impeachment

## LexisNexis (TM) HEADNOTES - Core Concepts - ✦ Hide Concepts

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion
Evidence > Procedural Considerations > Rulings on Evidence
**HN1**⬇ When reviewing a trial judge's decision to admit or exclude evidence, the appellate court should not disturb the judgment of the trial judge absent an abuse of discretion. The appellate court will not reverse for an alleged error in the admission or exclusion of evidence unless refusal to take such action appears to the court to be inconsistent with substantial justice. More Like This Headnote

Civil Procedure > State & Federal Interrelationships > Application of State Law
**HN2**⬇ In diversity suits, the federal courts must use the Federal Rules of Evidence whenever these rules cover the disputed issues. More Like This Headnote

Evidence > Relevance > Subsequent Remedial Measures
**HN3**⬇ Fed. R. Evid. 407 excludes evidence of subsequent remedial measures as proof of an admission of fault. More Like This Headnote

Evidence > Relevance > Subsequent Remedial Measures
**HN4**⬇ Fed. R. Evid. 407 bars admission of subsequent remedial measures only when offered to prove negligence or culpable conduct; the proponent may thus attempt to offer the evidence for another purpose such as proof of ownership or impeachment. More Like This Headnote

Evidence > Relevance > Subsequent Remedial Measures
**HN5**⬇ Fed. R. Evid. 407 states that when, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment. More Like This Headnote

Evidence > Relevance > Subsequent Remedial Measures
**HN6**⬇ In considering whether any of the exceptions to Fed. R. Evid. 407 apply, the critical question is the purpose for which the evidence is offered. More Like This Headnote

Evidence > Relevance > Confusion, Prejudice & Waste of Time
Evidence > Relevance > Prior Acts, Crimes & Wrongs
**HN7**⬇ Although generally evidence of other accidents and injuries will be relevant, trial judges must scrutinize such evidence closely before admitting it in light of possible prejudice or confusion of the issues. More Like This Headnote

Evidence > Relevance > Prior Acts, Crimes & Wrongs
Evidence > Relevance > Relevant Evidence
**HN8**⬇ The use of prior accident evidence has been endorsed by the United States Court of Appeals for the Sixth Circuit. If a prior accident is not similar in some way to the case before the court, then its admission will not make it more, or less, probable that the plaintiff suffered an injury nor will it prove any other issue in this case. Fed. R. Evid. 401. Conversely, evidence of prior "similar" accidents admitted under

a more restrictive standard are relevant to make any number of issues more or less probable. More Like This Headnote

Evidence > Relevance > Prior Acts, Crimes & Wrongs
Evidence > Relevance > Relevant Evidence

**HN9** The degree of similarity required to ensure the relevancy of a prior accident or injury will vary with the issue to which the evidence is directed. These issues may include: (1) physical condition or defect; (2) causation; (3) existence of a dangerous situation at the time of the accident; or (4) notice or knowledge of danger. Evidence of prior similar incidents can be relevant to prove notice of a dangerous condition provided similar circumstances exist. More Like This Headnote

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion
Evidence > Relevance > Confusion, Prejudice & Waste of Time
Evidence > Relevance > Prior Acts, Crimes & Wrongs

**HN10** The second step in the inquiry regarding the admissibility of prior similar accidents under Fed .R. Evid. 401 is an analysis under Fed. R. Evid. 403. Notwithstanding the relevance of prior accident evidence, the trial court in its discretion may decide to exclude the evidence if its probative value is substantially outweighed by unfair prejudice or jury confusion. The trial judge's Rule 403 determinations as to whether a particular piece of evidence should be excluded based upon unfairness, prejudice, or jury confusion are difficult to evaluate at the appellate level. Accordingly, the appellate court will review the trial judge's determinations under the abuse of discretion standard and place the burden upon plaintiff to demonstrate the similarity of the prior accidents. More Like This Headnote

**OPINIONBY:** KENNEDY

**OPINION:** BEFORE: KENNEDY and WELLFORD, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.

KENNEDY, Circuit Judge. This is a product liability case arising out of injuries suffered by John Bryan (plaintiff) on December 28, 1984 when a ladder manufactured by the Louisville Ladder Company, a division of Emerson Electric Company (defendant) n1 allegedly collapsed. Plaintiff appeals from the district court's entry of judgment on a jury verdict in favor of defendant. Plaintiff asserts that the district court committed two errors (1) by excluding evidence of a recall notice of the ladder's runglock; and (2) by refusing to admit evidence of prior allegedly similar accidents involving defendant's ladders. We are unpersuaded by the plaintiff's assignments of error and **[*2]** for the reasons stated we therefore affirm the judgment of the district court.

n1 The Worker's Compensation carrier for plaintiff's employer, the Hartford Insurance Group, is an intervening plaintiff in this litigation.

Plaintiff was employed as an instrument technician at the Vanderbilt Chemical Company in Murray, Kentucky. On December 28, 1984 while working on an instrument line at Vanderbilt plaintiff set up one of defendant's twenty foot fiberglass rail/round aluminum rung extension ladders. This ladder came equipped with defendant's LC 1505 runglock, a device designed to secure the top (fly) section of the ladder in the extended mode. Plaintiff set up the ladder, extended it to a height of approximately 13 1/2 feet and leaned it against a small pipe hanging from the ceiling. Plaintiff fell upon climbing to a height of six feet. Immediately following the accident Vanderbilt conducted an investigation concluding that the ladder

slipped from beneath plaintiff.

Plaintiff filed suit under theories of strict liability and negligence alleging that his fall was caused by a design defect in the LC 1505 runglock. Plaintiff argued at trial that the LC 1505 runglock had a tendency **[*3]** to "hang" on the rungs of the ladder rather than falling over the rung and locking properly into place. At trial, defendant acknowledge receiving notice of a problem with its LC 1505 runglock several years before plaintiff's accident. Plaintiff introduced evidence showing that the defendant's engineers had designed a runglock called the LC 3334 to replace the LC 1505 almost three years prior to plaintiff's accident and that the LC 3334 was implemented to reduce the aggravation of runglock hang-up. Joint Appendix (JA) at 138-39. Approximately three months after plaintiff's accident defendant voluntarily recalled and replaced the LC 1505 runglocks in use on ladders of the type involved in plaintiff's fall.

Defendant moved to exclude evidence of the produce recall on the ground that it was a subsequent remedial measure barred by Federal Rule of Evidence 407. See Fed. R. Evid. 407. The trial judge subsequently granted this motion. JA at 118. A second major pre-trial issue was the existence of prior accidents and their admissibility at trial. After providing plaintiff with a list of all lawsuits against defendant involving the model of ladder used by plaintiff, defendant moved pursuant **[*4]** to Federal Rule of Evidence 402 to exclude evidence of the prior accidents unless they were shown to have involved conditions "substantially similar" to the conditions surrounding plaintiff's fall. Pursuant to a trial subpoena defendant produced its case files on these lawsuits and the trial court attempted to review the voluminous materials at trial. The trial court ultimately decided to exclude most of the evidence of prior accidents. JA at 132. Plaintiff claims that the trial court's rulings in both these areas constitute reversible error. We address plaintiff's arguments seriatim.

I. Exclusion of the Recall Notice

*HN1* When reviewing a trial judge's decision to admit or exclude evidence, the appellate court should not disturb the judgment of the trial judge absent an abuse of discretion. Martin v. Weaver, 666 F.2d 1013, 1020 (6th Cir. 1981), cert. denied, 456 U.S. 962 (1982). We will not reverse for an alleged error in the admission or exclusion of evidence "'unless refusal to take such action appears to the Court to be inconsistent with substantial justice.'" Leonard v. Uniroyal, Inc., 765 F.2d 560, 567 (6th Cir. 1985) (quoting Prater v. Sears, Roebuck & Co., **[*5]** 372 F.2d 447, 448 (6th Cir. 1967) (per curiam)). See also Fed. R. Civ. P. 61.

We apply the Federal Rules of Evidence to this case because *HN2* in diversity suits the federal courts must use the Federal Rules whenever these rules cover the disputed issues. See Hanna v. Plumer, 380 US 460, 464-74 (1965); Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). Both parties agree that the admissibility of the recall notice turns upon the applicability of Rule 407. n2 *HN3* Rule 407 excludes evidence of subsequent remedial measures as proof of an admission of fault. The purpose of Rule 407 is twofold. First, the rule recognizes that the subsequent conduct is not an admission of fault per se "since the conduct is equally consistent with injury by mere accident or through contributory negligence. Or, as Baron Bramwell put it, the rule rejects the notion that 'because the world gets wiser as it gets older, therefore it was foolish before.'" Advisory Committee Notes, 46 F.R.D. 161, 236 (1969) (quoting Hart v. Lancashire & Yorkshire Ry., 21 L.T.R. N.S. 261, 263 (186)). Second, the rule encourages remedial steps to improve products in the future by holding such evidence inadmissible in the past **[*6]** except in some limited circumstances. Id. See Bauman v. Volkswagenwerk Aktiengesellschaft, 621 F.2d 230, 233 (6th Cir. 1980). *HN4* Rule 407, however, bars admission of subsequent remedial measures only when offered to prove negligence or culpable conduct; the proponent may thus attempt to offer the evidence for another purpose such as proof of ownership or impeachment. See 2 J. Weinstein & M. Berger, Weinstein's Evidence para. 407[04] (1986 & Supp. 1988). Nevertheless, this Court

will construe these exceptions narrowly in a careful attempt to preserve the essence of the Rule's proscription against admission. See Kaczmarek v. Allied Chemical Corp., 836 F.2d 1055, 1060 (7th Cir. 1987). Finally, we note that Rule 407 applies to plaintiff's strict liability claim as well as his claim in negligence. Hall v. American S.S. Co., 688 F.2d 1062, 1066-67 (6th Cir. 1982).

n2 HN5 Rule 407 states:

When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

Fed. R. Evid. 407. [*7]

HN6 In considering whether any of the exceptions apply, the critical question is the purpose for which the evidence is offered. Plaintiff first asserts that the recall letter should have been admitted to demonstrate "that the recall should have been made prior to John Bryan's fall," citing Ramos v. Liberty Mut. Ins. Co., 615 F.2d 334 (5th Cir. 1980), cert. denied, 449 U.S. 1112 (1981). In Ramos defendant delivered changes in the design of a crane approximately ten days after the crane's collapse. The defendant moved to exclude the evidence under Rule 407 and the district court sustained the motion. The Fifth Circuit reversed and remanded for the district court to determine whether the remedial measure, a design change, was actually a prior remedial measure and simply not supplied to plaintiff until after the accident or whether it was a subsequent remedial measure subject to exclusion under Rule 407. Ramos, 615 F.2d at 341. The ruling in Ramos is inapplicable in the case at bar where evidence of the prior design change was before the jury. JA at 138.

Plaintiff next asserts that the recall notice should have been admitted as the admission of a party under Rule [*8] 801(d)(2). Fed. R. Evid. 801(d)(2). This argument flies directly in the face of Rule 407's assertion that a subsequent remedial measure is not "admissible to prove negligence or culpable conduct." Fed. R. Evid. 407. See also Advisory Committee Notes, 46 F.R.D. at 236 ("[t]he conduct is not in fact an admission"). Plaintiff seems to be arguing that the admission in the recall notice went beyond what was necessary to announce the recall. Rule 407's purpose would be severely restricted if a party could not freely explain the reason for a recall. Without that reason many might continue to use the product despite the recall.

Plaintiff's third argument, made only at trial, was that the recall notice is admissible to "explain" why Vanderbilt later reconsidered and changed its accident report, reaching a different conclusion. JA at 133-35. The testimony at trial, however, clearly explained without use of the recall notice that Vanderbilt changed the conclusion after it became aware of the hang-up problem with the runglock. Id. Thus, plaintiff's desire to introduce the recall notice would have been for the improper purpose of demonstrating "negligence or culpable conduct" -- a use [*9] clearly proscribed by the Rule. See Leonard, 765 F.2d at 567 ("'exclusion is not prejudicial if other substantially equivalent evidence of the same facts has otherwise been admitted into evidence'" (quoting Crown Cork & Seal Co. v. Morton Pharmaceuticals Inc., 417 F.2d 921, 926-27 (6th Cir. 1969))).

Lastly plaintiff asserts that the recall notice should have been admitted to impeach the testimony and credibility of defendant's witnesses Mr. John Monahan and Mr. Claude Wallick. Plaintiff called Mr. Monahan, as if on cross-examination, and using the precise language from the recall letter (without revealing to the jury that the language came from the recall letter)

asked him if he admitted that the LC 1505 runglock "has a tendency to hang on the rung giving the appearance that the rung locks are engaged when they are not." JA at 112 (emphasis added). Mr. Monahan admitted the statement but after further questioning, plaintiff asserts, he denied the same statement. JA at 114-15. Mr. Monahan, however, explained how his first and second responses were consistent. Mr. Monahan stated:

I'm looking at it in that the rung lock could be hung up and the appearance of the entire [*10] set up, that's what I'm looking at, the entire set up and the rung lock is hung up and it gives the appearance. It doesn't say how the rung lock is hung up, or if, or any of those details. The appearance to me is that it's engaged and the ladder's ready to climb.

JA at 114 (emphasis added). Mr. Monahan, in effect, asserted that although the runglock could be hung-up giving the overall appearance that the ladder is ready, the runglocks themselves would never give such an appearance -- by looking directly at the runglocks one could always tell whether the runglocks were either on or off the rung.

Following this colloquy plaintiff's counsel moved for the introduction of the recall notice on the ground that it impeached Mr. Monahan's explanation of the ladder's appearance on a theory that Mr. Monahan's answers were inconsistent with the language of the recall letter. JA at 115, 117. The trial judge, listening to the testimony of Mr. Monahan and the alleged inconsistencies, called the dispute the "arguing [of] semantics" and ruled against admission. JA at 117-118.

We believe that the dispute here and with Mr. Wallick's testimony was over the witness' definition of the [*11] term "appearance" and that in reality nothing existed to "impeach" by use of the recall notice. Once again recognizing the policy concerns behind Rule 407 we defer to the trial judge's ruling excluding the evidence of the recall notice which was not an abuse of discretion.

II. Admissibility of Evidence of Prior Accidents

Prior to the trial defendant moved in limine pursuant to Federal Rule of Evidence 402 to exclude evidence of prior accidents involving defendant's ladders unless plaintiff could demonstrate that these accidents occurred under conditions "substantially similar" to those in the present suit. Defendant proposed a list of four criteria to determine whether prior ladder accidents were substantially similar. JA at 48. The state of the law regarding the admissibility of prior or subsequent similar accidents has been described as in "a state of hopeless disorder" because the evidence can be offered for any number of purposes often unidentified in court opinions and briefs of the parties. 22 C. Wright & K. Graham, Jr., Federal Practice and Procedure, § 5170 at 112 (1978 & Supp. 1987). HN7 Although generally evidence of other accidents and injuries will he relevant, trial [*12] judges must scrutinize such evidence closely before admitting it in light of possible prejudice or confusion of the issues. McCormick on Evidence, § 200 at 587 (3d ed. 1984).

Notwithstanding the parties' citation of little Sixth Circuit case law, HN8 the use of prior accident evidence has been endorsed by this Circuit. See, e.g., Koloda v. General Motors Parts Div., General Motors Corp., 716 F.2d 373, 376 (6th Cir. 1983); In re Beverly Hills Fire Litigation, 695 F.2d 207, 217-18 (6th Cir. 1982), cert. denied, 461 U.S. 929 (1983); Rimer v. Rockwell Int'l Corp., 641 F.2d 450, 456 (6th Cir. 1981); Payne v. A.O. Smith Corp., 99 F.R.D. 534, 537 (S.D. Ohio 1983); Rhodes v. Michelin Tire Co 542 F. Supp. 60, 62 (E.D. Ky. 1982). The "substantial similarity" test applied by many courts and proposed by defendant is really an outgrowth of the application of Rules 401 and 403. If a prior accident is not similar in some way to the case before the court, then its admission will not make it more, or less, probable that the plaintiff suffered an injury nor will it prove any other issue in this case. See Fed. R. Evid. 401. See also In re Beverly Hills, 695 F.2d [*13] at 217. Conversely, evidence of prior "similar" accidents admitted under a more restrictive standard are relevant to make

any number of issues more or less probable. See Koloda, 716 F.2d at 376.

HN9 The degree of similarity required to ensure the relevancy of a prior accident or injury will vary with the issue to which the evidence is directed. Id. at 375. See 1 Weinstein's Evidence, supra, para. 401[10] at 401-66; 22 Federal Practice and Procedure supra, § 5170 at 112. See also Payne, 99 F.R.D. at 538. But cf. Olin-Mathieson Chemical Co. v. Allis-Chalmers Mfg. Co., 438 F.2d 833 (6th Cir. 1971) (pre-Federal Rules case holding evidence of similar incidents inadmissible for the purpose of demonstrating the cause of a specific occurrence). These issues may include: (1) physical condition or defect; (2) causation; (3) existence of a dangerous situation at the time of the accident; or (4) notice or knowlege of danger. Koloda, 716 F.2d at 375 (citing McCormick on Evidence, supra, § 200 and 1 D. Louisell, Federal Evidence § 98 (1977)). When plaintiffs attempt to prove causation with the existence of prior accident evidence, may courts have [*14] required that the prior accidents must be "substantially similar" to the accident in question in order to be relevant. See, e.g., McKinnon v. Skil Corp., 638 F.2d 270, 277 (1st Cir. 1981); Ramos, 615 F.2d at 339; Wolf v. Procter & Gamble Co. 555 F. Supp. 613, 621 (D. N.J. 1982); Rhodes, 542 F. Supp. at 62. If the prior occurrence is offered to prove notice, however, a lesser degree of similarity is required provided the accident would have tended to warn the defendant. See Exum v. General Elec. Co. 819 F.2d 1158, 1162-63 (D.C. Cir. 1987) (quoting Weinstein's Evidence, supra, at § 401[10]). This Court has found evidence of prior similar incidents to be relevant to prove notice of a dangerous condition provided similar circumstances exist. See, e.g., Koloda, 716 F.2d at 376 (citing cases).

We decline to adopt any fixed definition of the degree of "similarity" required before prior accidents or occurrences become relevant. We do not feel any magic "formula" could adequately sum up the various considerations involved. We will simply evaluate the trial judge's decision under the mandate of Rule 401.

HN10 The second step in the inquiry is an analysis under [*15] Rule 403. Fed. R. Evid. 403. Notwithstanding the relevance of prior accident evidence, the trial court in its discretion may decide to exclude the evidence if its probative value is substantially outweighed by unfair prejudice or jury confusion. Koloda, 716 F.2d at 377; In re Beverly Hills, 695 F.2d at 217-18. The trial judge's Rule 403 determinations as to whether a particular piece of evidence should be excluded based upon unfairness, prejudice, or jury confusion are difficult to evaluate at the appellate level. Accordingly, we will review the trial judge's determinations under the abuse of discretion standard and place the burden upon plaintiff to demonstrate the similarity of the prior accidents. n3 See McKinnon, 638 F.2d at 277-78.

n3 We recognize that the probative value of the evidence must be substantially outweighed by factors favoring exclusion. See, e.g., United States v. Hans, 684 F.2d 343 (6th Cir. 1982). Nevertheless, the balancing under Rule 403 is committed to the trial judge for decision absent an abuse of discretion. See United States v. Zipkin, 729 F.2d 384, 389-90 (6th Cir. 1984).

In his brief, plaintiff refers to only two issues [*16] for which he offered the prior accident evidence -- to prove defectiveness of the product and "to rebut Defendant's contention that Plaintiff was contributorily negligent." Brief for Plaintiff at 25-26. These issues go essentially to the causation aspect of the case and as such the standard for similarity is elevated. With one exception, plaintiff failed to introduce into evidence, by offer of proof or otherwise, the specific factual circumstances of any of the prior accidents. Furthermore, plaintiff's response to defendant's Rule 402 motion in limine was to move for a reopening of discovery eighteen days before trial and then simply tender to the trial court for review 10 accident files in which claims were made that fiberglass ladders, some of which had LC 1505 rung locks, had collapsed. JA at 130-33. The record before us is totally devoid of any showing of the specific

circumstances under which the the prior accidents involving defendant's ladders occurred. We do not know whether any of the files establish how the particular accident occurred or only relate to disputed claims.

We hold that although the plaintiff's slight development of the facts of these cases through one witness' [*17] testimony makes these prior accidents relevant within the meaning of Rule 401, we have no basis on which we can reverse the ruling of the trial judge that the proffered evidence was prejudicial and confusing under Rule 403. A party may not introduce a mass of prior accident cases at the last minute and then fault the trial judge for not allowing the jury to pick and choose among these cases for a theory or fact pattern upon which to hold defendant liable. The trial judge was well within the permissible bounds of discretion in excluding the evidence of prior accidents.

Accordingly, the judgment of the district court is AFFIRMED.

Service: **Get by LEXSEE®**
Citation: **856 F.2d 192**
View: Full
Date/Time: Tuesday, April 6, 2004 - 4:32 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
⚠ - Caution: Possible negative treatment
♦ - Positive treatment is indicated
🅐 - Citing Refs. With Analysis Available
🅘 - Citation information available

* Click on any Shepard's signal to Shepardize® that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.